■ AUGUST T. SEGRETO et al., Appellants, v PETRELLI ASSOCIATES, INC., Respondent. [728 NYS2d 488] —In an action to recover damages for malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Klein, J.), dated September 26, 2000, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The torts of abuse of process and malicious prosecution possess the common element of improper purpose in the use of legal process (see, Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397). In a prior action, the plaintiffs' second counterclaim alleging abuse of process was properly dismissed (see, Petrelli Assocs. v Germano, 277 AD2d 439). Accordingly, the doctrine of collateral estoppel precludes the plaintiffs' attempt to relitigate the issues decided in the prior action (see, Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640; see also, Hornstein v Wolf, 67 NY2d 721).

The plaintiffs' remaining contentions are without merit. Altman, J. P., Friedmann, Smith and Adams, JJ., concur.

■ SMILE LAUNDRY, INC., Appellant, v FUTURE LAUNDRY CONSTRUCTION, INC., et al., Respondents. [727 NYS2d 652] —In an action, inter alia, for a judgment declaring certain financing and loan documents invalid and void, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated June 8, 2000, as denied that branch of its motion which was for summary judgment declaring invalid and void various financing and loan documents.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the plaintiff's motion which sought summary judgment declaring invalid and void various financing and loan documents, including a security agreement covering certain equipment possessed by the plaintiff which was assigned by the defendant Future Laundry Construction, Inc. (hereinafter Future) to the defendant American Credit Corp. There are issues of fact as to, inter alia, whether certain payments made by the plaintiff to Future prior to the assignment were payments for the equipment or payments for construction work. Consequently, the plaintiff did not establish its defense of payment as a matter of law. Altman, J. P., H. Miller, Smith and Cozier, JJ., concur.